

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Kelly M. Lyons*
*Assistant United States Attorney*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-645-2700*

KML/PL AGR
2025R00052

June 4, 2025

Brooke Barnett, Esq.
BMB Law Firm
60 Park Place, Suite 1000
Newark, NJ 07102

      Re:    Plea Agreement with Steven Madrid Velez

Dear Ms. Barnett:

    This letter sets forth the plea agreement between your client, Steven Madrid Velez ("Velez" or "the Defendant"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **June 18, 2025**, if it is not accepted in writing by that date. If Velez does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charges

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Velez to a ten-count Information (the "Information") charging him with possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts One, Two, Four, Seven, and Eight); possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts Three, Five, Six, and Nine); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Ten). If Velez enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Velez for his possession of a firearm or ammunition from in or around July 2024 to in or around November 2024, for conspiring to distribute, distributing, or possessing with intent to distribute controlled substances, or for possession of a firearm in furtherance of a drug trafficking crime on or about the same dates.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Velez even if the applicable statute of limitations period for those charges expires after Velez signs this agreement, and Velez agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 922(g)(1) to which Velez agrees to plead guilty in Counts Three, Five, Six, and Nine of the Information carries a statutory maximum prison sentence of 15 years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) to which Velez agrees to plead guilty in Counts One, Two, Four, Seven, and Eight of the Information carries a statutory maximum sentence of 20 years of imprisonment, and a statutory maximum fine equal to the greatest of: (1) $1,000,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. 924(c)(1)(A)(i) to which Velez agrees to plead guilty in Count Ten of the Information carries a statutory maximum prison sentence of life imprisonment, a mandatory minimum prison sentence of 5 years, and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentences on Counts One through Nine may run consecutively to each other or to any prison sentence Velez is serving or is ordered to serve. The sentence on Count Ten must run consecutively to any sentence imposed on Counts One through Nine, and to any other sentence Velez is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Velez is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Velez ultimately will receive.

Further, in addition to imposing any other penalty on Velez, the sentencing judge as part of the sentence:

(1)  will order Velez to pay an assessment of $100 per count ($1,000.00 here) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)  may order Velez to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3)  must order forfeiture, pursuant to 18 U.S.C. § 924(d) and 21 U.S.C. § 853;

(4)  may deny Velez certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(5)  pursuant to 18 U.S.C. § 3583, may require Velez to serve a term of supervised release of not more than three years on Counts Three, Five, Six, and Nine, and not more than five years on Count Ten, and pursuant to 21 U.S.C. § 841, must require Velez to serve a term of supervised release at least three years on Counts One, Two, Four, Seven, and Eight, which terms will begin at the expiration of any term of imprisonment imposed. Should Velez be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Velez may be sentenced to not more than two years' imprisonment per count on Counts One through Nine and not more than five years' imprisonment on Count Ten, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of Velez's acceptance of responsibility, Velez agrees to forfeit to the United States: (i) pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds Velez obtained directly or indirectly as a result of the offenses charged in Counts One, Two, Four, Seven, and Eight of the Information, and all of Velez's right, title, and interest in any property that was used or intended to be used, in any manner or part, to commit and to facilitate the commission of such offenses; and (ii) pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461, any firearms and ammunition involved in the commission of the offenses charged in Counts Three, Five, Six, Nine, and Ten of the Information. The property subject to forfeiture includes, but is not limited to:

1. three .380 caliber handguns with defaced serial numbers, one Canik Elite Combat handgun bearing serial number 22BN07359, one nine-millimeter Luger caliber Polymer80 PF955 handgun bearing no serial number, and one nine-millimeter Luger caliber Polymer80 PF940V2 handgun bearing no serial number, which are subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461, and which Velez acknowledges were involved in the commission of knowing violations of 18 U.S.C. §§ 922(g)(1) and 924(c); and

2. 60 rounds of ammunition, which is subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461, and which Velez acknowledges was involved in the commission of knowing violations of 18 U.S.C. §§ 922(g)(1) and 924(c).

3. approximately $7,300 in U.S. currency, which Velez acknowledges was the proceeds of the offenses charged in the Information and/or property that facilitated such offenses, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 853.

(the "Forfeitable Property"). Velez agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.

Velez waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), Velez consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. Velez understands that criminal forfeiture pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise Velez of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Velez further understands that Velez has no right to demand that any forfeiture of Velez's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. Velez waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

Velez also consents to the administrative and/or civil judicial forfeiture of the Forfeitable Property pursuant to 18 U.S.C. § 984. Velez agrees that Velez will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Forfeitable Property and will not cause or assist anyone else in doing so. To the extent Velez has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Forfeitable Property, such claims or petitions are deemed withdrawn. Velez further agrees to take all necessary steps to pass clear title

to the Forfeitable Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

Velez further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of Velez's right, title, and interest in the Forfeitable Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Velez by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Velez's activities and relevant conduct with respect to this case.

Stipulations

This Office and Velez will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a

particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Velez waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

### Immigration Consequences

Velez understands that, if Velez is not a citizen of the United States, Velez's guilty plea to the charged offenses will likely result in Velez being subject to immigration proceedings and removed from the United States by making Velez deportable, excludable, or inadmissible, or ending Velez's naturalization. Velez understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Velez wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Velez's removal from the United States. Velez understands that Velez is bound by this guilty plea regardless of any immigration consequences. Accordingly, Velez waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Velez also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Arisa. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Velez from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Velez and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

/s/ Kelly M. Lyons

By: Kelly M. Lyons
Assistant U.S. Attorney

APPROVED:

Benjamin Levin
Chief, Narcotics/OCDETF Unit

I have received this letter from my attorney, Brooke Barnett, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 6/17/25
Steven Madrid Velez


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date:
Brooke Barnett, Esq.
Counsel for Defendant

Plea Agreement With Steven Madrid Velez

Schedule A

1. This Office and Steven Madrid Velez ("Velez") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2024 applies in this case.

Counts Three, Five, Six, and Nine: Possession of a Firearm and Ammunition by a Convicted Felon

3. Counts Three, Five, Six, and Nine group because each offense is covered by U.S.S.G. § 2K2.1 See U.S.S.G. § 3D1.2(d).

4. The applicable guideline is U.S.S.G. § 2K2.1(a)(4)(A) because the offenses involved at least one semiautomatic firearm capable of accepting a large capacity magazine and Velez committed the instant offenses subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense. This guideline carries a Base Offense Level of 22.

5. Because the offenses involved between three and seven firearms, the offense level is increased by 2 levels pursuant to U.S.S.G. § 2K2.1(b)(1)(A).

6. Because three of the firearms had serial numbers that were modified such that the original information is rendered illegible or unrecognizable to the unaided eye, the offense level is increased by 4 levels pursuant to U.S.S.G. § 2K2.1(b)(4)(B)(i).

7. Thus, the total offense level for Counts Three, Five, Six, and Nine ("Group 1") is 28.

Counts One, Two, Four, Seven, and Eight: Possession with Intent to Distribute Cocaine

8. Counts One, Two, Four, Seven, and Eight group because each offense is covered by § 2D1.1. See U.S.S.G. § 3D1.2(d).

9. The applicable guidelines are U.S.S.G. §§ 2D1.1(c)(11), because the offenses involved at least 200 grams, but less than 300 grams of cocaine. This guideline carries a Base Offense Level of 18.

10. Thus, the total offense level for Counts One, Tow, Four, Seven, and Eight ("Group 2") is 18.

Count Ten: Possession of a Firearm in Connection with a Drug Trafficking Offense

11. The applicable guidelines are U.S.S.G. § 2K2.4(b), because Velez violated 18 U.S.C. § 924(c). The guidelines sentence is five years, which is the minimum term of imprisonment required by statute. In this case, 18 U.S.C. 924(c)(1)(A)(ii) carries a mandatory minimum sentence of 60 months' imprisonment, which must be served consecutively to any sentence imposed on Counts One through Nine.

Grouping of Multiple Counts

12. Pursuant to U.S.S.G. § 3D1.4, Group One counts as one unit and Group Two counts as zero units because it is nine or more levels less serious than Group Two. U.S.S.G. § 3D1.4(b). Accordingly, the offense level for Groups One and Two is 28.

13. Count Ten is excluded from grouping pursuant to U.S.S.G. § 2K2.4(b) and U.S.S.G. § 3D1.1(b)(1).

Other Provisions

14. As of the date of this letter, Velez has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of two levels for acceptance of responsibility is appropriate if Velez's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

15. As of the date of this letter, Velez has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further one-point reduction in Velez's offense level, pursuant to U.S.S.G. § 3E1.1(b), if the following conditions are met: (a) Velez enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Velez's acceptance of responsibility has continued through the date of sentencing and Velez therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Velez's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

16. Accordingly, the parties agree that the total Guidelines offense level applicable to Velez is 25 (the "Total Offense Level").

17. Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines,

after adding 60 months to the minimum and maximum terms of the Guidelines range that results from the Total Offense Level, without any departure or variance.

18. If the term of imprisonment does not exceed 147 months, and except as specified in the next paragraph below, Velez will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 130 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

19. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a) Any proceeding to revoke the term of supervised release.

(b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).